■ LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., Also Known as LUTHERAN SOCIAL COMMUNITY SERVICES, INC., Respondent, v WILLIAM PERAGINE et al., as Assessors of the Town of Patterson, Defendants, and ORATOR WOODWARD, Appellant.—Appeal by defendant Woodward from an order-judgment of the Supreme Court, Putnam County, dated June 27, 1974, which granted plaintiff's motion for summary judgment, denied a cross motion by said defendant for summary judgment and adjudged plaintiff to be the owner of certain real property. Order-judgment affirmed, with $20 costs and disbursements. No opinion. Rabin, Acting P. J., Cohalan and Brennan, JJ., concur; Martuscello and Munder, JJ., dissent and vote to modify the order-judgment by striking therefrom all the decretal provisions except that which denied the cross motion and by substituting therefor a provision denying plaintiff's motion, with the following memorandum: This is an action for a judgment, *inter alia,* declaring null and void a tax deed issued by the defendant Treasurer of the County of Putnam to appellant, the defendant Woodward. Prior to the issuance of the challenged deed, the subject real property belonged to plaintiff. However, upon its failure to pay real property taxes claimed by the Town of Patterson to be due and owing, the premises were sold to defendant Woodward at a tax foreclosure sale. The premises, when owned by plaintiff, a charitable and religious organization, enjoyed tax exempt status until, upon reassessment, the town determined that the premises were actually not being used for any purpose and, therefore, returned them to the town's tax roll. In spite of the fact that plaintiff had protested the imposition of the tax, asserting that the premises were tax exempt by reason of plaintiff's charitable and religious nature, pursuant to section 421 of the Real Property Tax Law, the premises were not returned to tax exempt status. However, upon the commencement of the instant lawsuit, following discussion between counsel for the municipal defendants and plaintiff, the former admitted that the assessment was erroneous, and the defendant tax assessors adopted a resolution returning the premises to tax exempt status. Predicated upon this fact, Special Term granted summary judgment to plaintiff, deeming the assessors' resolution to have been dispositive of all issues of fact presented herein and stating that the issues raised by defendant Woodward, e.g., whether the premises were indeed entitled to tax exempt status, could be properly raised and determined in an action by him against the municipal defendants. Once a municipality issues a tax deed, predicated upon its determination that the subject premises are taxable, the grantee under such deed may not have his rights cut off by a mere reversal of the municipality's determination and a reinstatement of tax exempt status to the premises. Such grantee is entitled to a complete court review of his status, and court scrutiny of the subsequent municipal action, before his rights may be extinguished. On the record presently before this court, it may not be determined whether the subject real property was being held and used by plaintiff for exempt purposes. Accordingly, we think, a trial should be had of all the issues raised by appellant. All the necessary parties are before the court, and determination of the issues and the rights of appellant should not be

relegated to a new and separate action between him and the municipalities in question.